C. W. MUNN, Appellant, *v.* ROBERT BOASBERG, Respondent.

Argued December 2, 1943; decided January 13, 1944.

*William J. Sernoffsky* for appellant. I. Plaintiff having proved that the check was delivered for a special purpose, and the check having been diverted from that purpose, the burden is on the defendant to show that he is the holder in due course. (Negotiable Instruments Law, § 98; *Canajoharie Nat. Bank* v. *Diefendorf,* 123 N. Y. 191.) II. The defendant cannot be a holder in due course because he is the payee of the check. (142 A. L. R. 489; *Jones* v. *Waring & Gillow* [1926] A. C. 670.) III. Even if it is assumed that the owner may be the holder in due course, the court below erred in holding as a matter of law that the defendant was a holder in due course. (*Hathaway* v. *County of Delaware,* 185 N. Y. 368.)

*Charles J. McDonough* and *Daniel J. O'Brien* for respondent. I. The payee of a negotiable instrument may be a holder in due course. (*First Nat. Bank & Trust Co. of Elmira* v. *Conzo,* 169 Misc. 268; *Brown* v. *Brown,* 91 Misc. 220; *Empire Trust Co.* v. *Manhattan Co.,* 97 Misc. 694, 180 App. Div. 891; *Bergstrom* v. *Ritz-Carlton Restaurant & Hotel Co.,* 171 App. Div. 776, 220 N. Y. 569; *Miller* v. *Campbell,* 173 App. Div. 821; *Boston Steel & Iron Co.* v. *Steuer,* 183 Mass. 140; *Drumm Constr. Co.* v. *Forbes,* 305 Ill. 303; *MacArdell* v. *Olcott,* 189 N. Y. 368; 15 A. L. R. 437; 21 A. L. R. 1365; 26 A. L. R. 769; 32 A. L. R. 289.) II. Plaintiff proved no defect in title to the check. The burden of proof never shifted to the defendant. (Negotiable Instruments Law, § 98.) III. Plaintiff must prove actual bad faith on the part of the defendant. (Negotiable Instruments Law, § 95; *National City Bank* v. *Cold Mix,* 1 N. Y. S. 2d 459; *Continental Cas. Co.* v. *Aetna Cas. Co.,* 251 App. Div. 467; *Cheever* v. *Pittsburgh S. & L. E. R. R. Co.,* 150 N. Y. 59; *Sabine* v. *Paine,* 166 App. Div.

9; *Dutch* v. *McMahon,* 219 App. Div. 203.) IV. Upon all the evidence, defendant was clearly a holder in due course. Plaintiff failed to meet his burden of proof. (Negotiable Instruments Law, § 51; *National City Bank* v. *Waggoner,* 243 App. Div. 305, 270 N. Y. 592.)

THACHER, J. Plaintiff-appellant brought suit to recover from the defendant the sum of $775, the amount of a check drawn to defendant's order by the plaintiff. The defendant was president of the Blossom Heath Country Club on Sheridan Drive in the town of Amherst. It owned a golf course, a clubhouse and considerable acreage of land. On a Saturday afternoon in January of 1942, one George Shuman, who owned the capital stock of the Country Club, called on the defendant and told him that the utility companies were threatening to discontinue service at the Country Club and that their bills would have to be paid that day to prevent the loss of a great deal of money owing to freezing of pipes, et cetera. Shuman said that, if the defendant would loan him the money, he would be sure to pay it back on the following Monday. The defendant gave Shuman a check to his order in the sum of $766.95 on this understanding and upon Shuman's statement that a friend of his owed him some money and that he could get hold of this friend on Monday and get the money back to Boasberg. On Monday Shuman did not repay the defendant but promised to do so on Tuesday, when he brought the plaintiff's check drawn to the defendant's order in the sum of $775.

Earlier on that day Shuman went to the plaintiff and told him that he was in desperate circumstances with his Country Club, was negotiating with the Curtiss-Wright people for a lease, and if certain deposits were not paid, the utilities people would make trouble and the trust company which held the mortgage would start foreclosure proceedings. He feared the contract with the Curtiss people would be jeopardized and pleaded with the plaintiff to pay up these deposits. Upon these representations and to provide for these payments, the plaintiff gave his check for $775 to Shuman, who requested that it be drawn to the order of Boasberg, who he said was president of the company. This was the check which Shuman delivered to Boasberg, in payment of Shuman's personal indebtedness to him.

The theory of the complaint is that the check was given to Shuman to be delivered to the defendant and used for the purposes for which it was requested; that the defendant indorsed the check and converted the proceeds to his own use, and that no part of these proceeds was used for the purposes intended.

Defendant contends that he is a *bona fide* purchaser for value and a holder in due course of the check which he received from Shuman and applied in payment of Shuman's personal indebtedness.

At the close of the trial the court struck out the testimony as to what was said between the plaintiff and Shuman when the check was delivered and dismissed the complaint. The plaintiff requested no ruling that he was entitled to recover the amount of the check as matter of law; on the contrary, he asked that the case be sent to the jury to determine whether defendant was a holder in due course, and took an exception to the court's denial of this request. On this state of the record there is no ruling which raises the question of plaintiff's right to recover as matter of law. (*Hirsch* v. *Schwartz & Cohn, Inc.*, 256 N. Y. 7, 11.)

The judgment dismissing the complaint on the merits was affirmed in the Appellate Division, two justices dissenting and voting for a reversal and a new trial on the ground that the evidence raised questions of fact for the jury.

We think the court erred in dismissing the complaint and refusing the plaintiff's request to go to the jury. The check, being drawn by the plaintiff to the order of the defendant, imported on its face that the money represented by it was the plaintiff's property and that the plaintiff, not Shuman, was paying it to the defendant. Shuman had no apparent title to the check and was therefore to be regarded as the agent of the plaintiff for the purpose of delivering the plaintiff's check to the defendant. (*Hathaway* v. *County of Delaware*, 185 N. Y. 368; *Sims* v. *United States Trust Co.*, 103 N. Y. 472; *Bristol Knife Co.* v. *First National Bank of Hartford*, 41 Conn. 421; *Bowles Co.* v. *Clark*, 59 Wash. 336; *Apostoloff* v. *Levy*, 186 App. Div. 767, 769.)

The fact was that Shuman had no title and was merely an agent authorized to deliver the check to the defendant, to be used for a specific purpose. The possession by Shuman of the plaintiff's check drawn to defendant's order gave no appearance

of authority to use the check for his own purposes and the defendant could not in good faith accept the check and apply the proceeds to the payment of Shuman's personal indebtedness to him. (*Apostoloff* v. *Levy, supra; Sims* v. *U. S. Trust Co., supra; Ward* v. *City Trust Company of New York,* 192 N. Y. 61; *Wen Kroy Realty Co.* v. *Public Nat. Bank & Trust Co.,* 260 N. Y. 84; *Wagner Trading Co.* v. *Battery Park Nat. Bank,* 228 N. Y. 37; *Porges* v. *United States Mortgage & Trust Co.,* 203 N. Y. 181; *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106.) This the defendant did without any inquiry as to the authority of Shuman to use the plaintiff's funds in payment of his own debts. Such use was entirely unauthorized in fact, and it is apparent from the circumstances under which Shuman procured a check from the defendant for $766.95 on Saturday, and another check for $775 from the plaintiff on Tuesday, that Shuman was not only acting without authority but that he fraudulently intended so to act before he procured the plaintiff's check and to this end obtained it by false pretenses.

Under the provisions of the Negotiable Instruments Law, the burden was cast upon the defendant to prove that he, or some person under whom he claimed, acquired title to the check as a holder in due course (§ 98). This he could not do because the check itself was constructive notice that the funds it represented were funds of the plaintiff which could not be applied in payment of the agent's personal indebtedness without inquiry of the principal. Such an inquiry might well have disclosed immediately the purpose for which the check was delivered. The defendant was therefore chargeable with knowledge of that fact. Nor is this a case in which a payee of a check could acquire the title of a *bona fide* purchaser for value. Shuman was not a remitter who had acquired the instrument by purchase. (cf. *Armstrong* v. *American Exchange Nat. Bank of Chicago,* 133 U. S. 433, 453.) Nor is there any analogy to the purchase of cashiers' checks for remittances to payees where it is desirable to use the credit standing of the bank in making payment by check or to the use of certified checks for similar purposes. (cf. *Vander Ploeg* v. *Van Zuuk,* 135 Iowa 350, 355.) In such cases the remitter is a purchaser for value of the bank's promise to pay. Shuman, being an agent, had no title and could confer none on the defendant which would

entitle him to apply the proceeds of the check in payment of Shuman's debt.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.