MABER, INC., Appellant, *v.* FACTOR CAB CORP. et al., Respondents, et al., Defendants.

First Department, November 21, 1963.

*Michael F. Mayer* of counsel (*Spring & Mayer,* attorneys), for appellant.

*Norbert Ruttenberg* of counsel (*W. Harvey Mayer* with him on the brief; *Friedlander & Gaines,* attorneys), for respondents.

BREITEL, J. P. The appeal arises on a motion for summary or accelerated judgment (CPLR, rule 3212; formerly Rules Civ. Prac., rule 113). The action is to recover on negotiable promissory notes. Plaintiff holder appeals from an order granting it an "optional" summary judgment for $4,000 of the $9,000 of notes held, if it elects to accept the smaller sum in full payment of the claims in suit. The notes were made by defendant taxicab company and personally indorsed by the individual principals of the taxicab corporation, also defendants in the action.

The notes in suit aggregate $9,000 and previously were given as part of a series of notes in settlement of a personal injury negligence action. The action had been settled for $30,000, of which $8,000 was paid in cash and $22,000 in a series of 44 notes payable monthly, each in the amount of $500. Each note was made payable to the attorney for the injured person "as attorney for Francisco Silvestry". Twenty-three notes, aggregating $11,500 were paid before plaintiff holder purchased the remaining 21 notes. Of the purchased notes, three in the total sum of $1,500 have been paid.

The holder, in purchasing the notes, made its check payable to the attorney, in his individual name, without qualification or restriction, in the amount of $5,796.24. In addition it discharged by payment the attorney's personal indebtedness to a bank in the amount of $3,903.76. Moreover, the attorney and his wife indorsed the notes as individuals.

Some $1,500 of the purchased notes were paid by the maker. The remaining notes in suit, some $9,000 worth, were not paid on the ground that the maker would be, and later had been, obliged to settle liens in favor of two hospitals for medical and hospital bills incurred by the injured person, Francisco Silvestry. The liens arose and attached to the claim or cause of action because the services were rendered in connection with the accident. Under the statute, the maker, as the defendant in the tort action which had paid in settlement, was chargeable with them (Lien Law, § 189). While the hospital liens were originally asserted to be $12,660.60, they were settled eventually by the maker for $5,000.

Defendants maker and indorsers have interposed this payment on the liens as an offset against the amount of the notes still unpaid. The maker avers, without contradiction, that when the tort case was settled Silvestry's lawyer agreed or stipulated with the maker to handle the hospital liens out of the

settlement fund, because of his superior bargaining ability and experience. This, and this too is not contradicted, was never done. The lawyer has since ceased to be licensed to practice law. It was because of this failure that the maker had ultimately to settle the outstanding liens.

Plaintiff holder is entitled to unqualified judgment in its favor for $4,000 of the notes, namely, the amount in excess of the alleged offset arising from the settlement of the hospital liens. About this there is no serious question, because there is no defense or offset asserted to such excess and whether plaintiff is a holder in due course is immaterial. It is with respect to the balance of $5,000 that question arises whether plaintiff is a holder in due course and what are the consequences if it is not.

The conclusion is that plaintiff is not a holder in due course, and that, in consequence, it holds the notes subject to offsets or claims against the fund represented by the notes. On this analysis, it is not necessary to decide whether, in all cases, when one is not a holder in due course, one is vulnerable to any defense or claim by any party (see Britton, Bills and Notes [2d ed.], § 117; Negotiable Instruments Law, §§ 54, 97; Uniform Commercial Code, § 3–304, subd. [7]; §§ 3–306, 3–408[1]). As a further consequence, plaintiff holder is entitled to summary judgment in its favor to the extent of $4,000, but defendants maker and indorsers are entitled to dismissal of so much of the complaint as demands recovery in excess of such sum, namely, for the excess of $5,000 (see CPLR, rule 3212, subd. [b]; formerly Rules Civ. Prac., rule 113).

When plaintiff holder took the notes from the attorney, by reason of the descriptive qualification of the named payee (i.e., as attorney for Francisco Silvestry), the holder was on notice that the attorney had received the notes as an agent rather than as a principal, and that the funds might be subject to claims in the right of others. This did not mean that the attorney was not entitled to negotiate the notes. On the contrary, he could (see *Davis* v. *Garr,* 6 N. Y. 124, 133; Negotiable Instruments Law, §§ 2, 60 [1st cl.], and 90 [2nd cl.]; Britton, *op cit.,* § 115; Uniform Commercial Code, §§ 3–117, 3–207, 3–301, 3–304, subd. [4], par. [e]). He was even empowered to negotiate them for cash, because it may have been within the fiduciary purpose

1. The Uniform Commercial Code does not become effective in New York until September 27, 1964 (§ 10–105) but since it represents the latest legislative expression in this area, it may be considered in determining questions not settled under existing New York statutory and decisional law.

to convert them into cash, provided, of course, there were no other circumstances to put the holder on notice that the instrument was being diverted from a fiduciary purpose (Uniform Laws Ann., Uniform Commercial Code, § 3–304, Comment 5).

But the case is entirely different when it appears, as it did here, that the notes were negotiated for the benefit or individual purpose of the agent. Under such circumstances the holder is charged with bad faith and notice of any defect or infirmity in the instrument, and is not a holder in due course (Negotiable Instruments Law, § 91, subds. 3, 4; § 95; e.g., *Wen Kroy Realty Co.* v. *Public Nat. Bank & Trust Co.,* 260 N. Y. 84, 90;[2] Uniform Laws Ann., Uniform Fiduciaries Act, § 4 and Note to § 6, pp. 23–24; Britton, *id.*; Uniform Commercial Code, § 3–302, subd. [1]; § 3–304, subd. [2]). This includes the absence or failure of consideration whether in whole or in part (Negotiable Instruments Law, § 54; Uniform Commercial Code, § 3–408).

The hospital liens arise from the primary obligations of the client Silvestry. It is he who incurred the underlying debts for hospital and medical charges. The statute (Lien Law, § 189) makes such debts liens on any claim, cause of action or fund that may be created as a result of the injury claim or cause of action and against those who, with notice of liens, pay out such fund in disregard of the liens. Consequently, while the statute required the maker in the circumstances to satisfy the liens, the satisfaction is ultimately that of the original or underlying debts incurred by the injured person (cf. Lien Law, § 189, subd. 6-a; 1949 Report of N. Y. Law Rev. Comm., pp. 299–301; 1950 Report of N. Y. Law Rev. Comm., pp. 55–57).

The maker having separately paid the debt of the injured person, on basic principles, it is subrogated *pro tanto* to the rights of the injured person or of the lienors in the fund on which the debt was a lien (see *3105 Grand Corp.* v. *City of New York,* 288 N. Y. 178, 182; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137, 143–144; *New York Univ.* v. *American Book Co.,* 197 N. Y. 294, 297–298; *Fidelity & Cas. Co. of N. Y.* v. *Finch,* 3 A D 2d 141, 142–143; Restatement, Restitution, § 162, especially *Comment b*). To be sure, the client Silvestry, if he had been required to pay the hospital charges, could hold the attorney for failure to discharge the liens out of the notes

2. To like effect: *Fidelity & Deposit Co.* v. *Queens County Trust Co.,* 226 N. Y. 225, 232–233; *Gerard* v. *McCormick,* 130 N. Y. 261, 268; *State Bank of Binghamton* v. *Bache,* 162 Misc. 128, 150; see, also, *Soma* v. *Handrulis,* 277 N. Y. 223, 233–234; cf. *Munn* v. *Boasberg,* 292 N. Y. 5, 9; *Leavens* v. *Thompson,* 48 Hun 389, 392.

received by him, if that were the arrangement. Silvestry, therefore, in a proper case could assert his claim or a defense against the holder (Negotiable Instruments Law, § 97; Uniform Commercial Code, § 3–306). And it would make no difference if the liens were to be paid out of any other part of the settlement funds provided by the maker. In any event, there would be a claim, in or against the fund, as to which, as earlier discussed, the holder had notice, and to which it takes subject.

To the same extent there would be a failure of consideration to the maker since the stipulation agreement provided that the settlement fund, without further contribution from the maker, was to be used to discharge the liens. This, as already noted, is a defense which can be asserted against anyone who is not a holder in due course (Negotiable Instruments Law, § 54; Uniform Commercial Code, § 3–408).

There is some argument by holder that it does not know whether the liens were to be discharged out of the proceeds of any particular notes, perhaps out of the cash, or even out of the other notes already paid by the maker. This is sheer, if not even fanciful, speculation and does not avail to create an issue of fact to defeat the uncontradicted assertions of defendant maker. Plaintiff holder had the burden of showing it was a holder in due course, once the presumption in its favor was negatived, because of the description of the payee and the application of the notes to the payee's individual benefit (Negotiable Instruments Law, § 98; Uniform Laws Ann., Uniform Commercial Code, § 3–307, subd. [3], Comment 3). It is dispositive that the liens were not satisfied at the time the notes were discounted to the personal use of the fiduciary, and on this record the liens were chargeable on the entire settlement fund.

Much stress is laid by plaintiff holder on whether the proof of the attorney's agreement to settle the liens was made out sufficiently. Actually, it was, and plaintiff holder did not contradict defendants' proof. But even if there had been no such agreement, under section 189 of the Lien Law the entire settlement fund was burdened by the liens, and plaintiff holder, for all the reasons discussed, took the notes with notice of a fiduciary breach and therefore subject to the statutory lien and the attorney's qualified ownership or possession, as the case might be.

Accordingly, the order determining plaintiff's motion for summary judgment should be modified on the law, without costs of the appeal to any party, to grant plaintiff judgment for $4,000, with interest, but without costs of the action, and to grant defendants dismissal of so much of the complaint as

seeks recovery for the balance of $5,000, without costs of the action. Settle order.

VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on the 20th day of November, 1962, unanimously modified on the law, without costs of the appeal to any party, to grant plaintiff judgment for $4,000, with interest, but without costs of the action, and to grant defendants dismissal of so much of the complaint as seeks recovery for the balance of $5,000, without costs of the action. Settle order on notice.