MORTON B. HILLSLEY, Respondent-Appellant, *v.* STATE BANK OF ALBANY, Appellant-Respondent, and GLENNON BUILDERS, INC., et al., Respondents, et al., Defendants.

First Department, October 19, 1965.

*Irving I. Waxman* of counsel (*Lester R. Rubin,* attorney), for respondent-appellant.

*John E. Knauf* of counsel (*Ainsworth, Sullivan, Tracy & Knauf,* attorneys), for appellant-respondent.

*Lambert L. Ginsberg* of counsel (*Smith, Pattison, Sampson & Jones,* attorneys), for Union National Bank of Troy, respondent.

*John J. Glavin* for Thomas J. Birmingham and another, respondents.

McNALLY, J. By order of the Appellate Division, Third Department, dated May 17, 1965, the appeals from the amended judgment entered in Albany County on October 30, 1964, after a nonjury trial, have been transferred to this Department. That court on a previous appeal affirmed a denial of State Bank of Albany's motion for summary judgment (17 A D 2d 686) and subsequently vacated its decision by order dated May 17, 1965.

The action arises out of forged indorsements on two checks, $10,000 and $1,500, respectively. Plaintiff-respondent-appellant Morton B. Hillsley was awarded judgment against defendant-appellant-respondent State Bank of Albany in the sum of $10,000 plus costs and disbursements, and $1,500 plus $442.50 interest. State Bank of Albany paid the $1,942.50 portion of the judgment based on the $1,500 check and appeals only from that portion of the judgment which awarded Hillsley $10,000 plus costs and disbursements. The original collecting bank was National City Bank of Troy, subsequently merged into State Bank of Albany, now the real party in interest. Hillsley cross-appeals from the judgment insofar as it denies him interest on the $10,000 and fails to award him judgment against defendants-respondents Glennon Builders, Inc. and Thomas J. Birmingham.

The conversion complained of allegedly occurred when the National City Bank of Troy, the collecting bank, paid to Glennon Builders the proceeds of a $10,000 certified check payable to Glennon Builders and Hillsley upon Birmingham's forged indorsement of Hillsley's name as copayee. The check drawn on defendant-respondent the Union National Bank of Troy is made by defendant H. Irving Chase, attorney and agent for defendants Donald J. Mooney and Marguerite Mooney.

Chase delivered the check to Birmingham as a progress payment on a house which Hillsley was building for Glennon Builders in behalf of the Mooneys. The check is payable jointly to Glennon Builders and Hillsley and bears Chase's notation of " Re: Mooney " on its face, to indicate that the proceeds were to be applied toward the Mooney house. Birmingham forged Hillsley's indorsement and deposited the check in Glennon Builders' account with National City Bank of Troy, now State Bank of Albany. At Birmingham's request National City Bank of Troy simultaneously issued two cashier's checks totaling $10,000 which Birmingham delivered to Hillsley the same day

to be applied not on the Mooney house but on another house, the Springwood Manor house, which Hillsley was then building for Glennon Builders.

Upon the completion of the Springwood Manor house, Hillsley demanded of the purchaser, one English, payment of the balance then due, approximately $19,000, which reflected the credit of $10,000, the September, 1959 payment by Glennon Builders improperly applied to the Springwood Manor house. Mr. English at or about the same time paid the balance of the purchase price to Glennon Builders, which on November 17, 1959 conveyed the premises to Mrs. English.

During the latter part of November, 1959, Hillsley informed Mooney that he had received only $12,900 on account of the construction of the Mooney house. Hillsley was told that Mooney had made payments to Glennon Builders in the total sum of $26,400, which included the $10,000 check payable jointly to Glennon Builders and Hillsley. Hillsley then first saw the check and learned his indorsement had been forged. At the commencement of this action there was due Hillsley about $17,000 on the Mooney house.

State Bank of Albany, the collecting bank, is liable in conversion for the payment on the forged indorsement of Hillsley of the $10,000 check payable to Glennon Builders and Hillsley. (*Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, affd. 239 N. Y. 586.) State Bank of Albany does not contend otherwise; its sole defense is one in the nature of a credit or setoff on the premise that the entire proceeds of the forged instrument were paid to Hillsley. The bank relies on *Lynch* v. *First Nat. Bank of Jersey City* (107 N. Y. 179, 184); *Sundail Constr. Co.* v. *Liberty Bank of Buffalo* (277 N. Y. 137, 142); and *Sweeney* v. *National City Bank of Troy* (263 App. Div. 418). These cases sustain the principle that recovery on a forged instrument may be defeated by proof that the rightful owner has suffered no damage. An action by the drawer of a check against his bank may be defended by proof that payment was made to the person entitled to it as against the drawer. (*Sundail Constr. Co.* v. *Liberty Bank of Buffalo, supra*; *Lynch* v. *First Nat. Bank of Jersey City, supra*; and *Sweeney* v. *National City Bank of Troy, supra.*)

In the case at bar the action is in conversion of the allocation of moneys. Plaintiff's damage is prima facie $10,000, the amount of the check payable to Hillsley and Glennon Builders. (*Western R. R. Co.* v. *Bayne,* 75 N. Y. 1, 4; 10 N. Y. Jur., Conversion, § 70, p. 581.)

It was incumbent on the defendant bank to establish that despite the conversion the plaintiff did not sustain damages. (*Shipman* v. *Bank of the State of N. Y.*, 126 N. Y. 318, 332–333.) The trial court found and the record demonstrates that the check was expressly intended for application to the Mooney house; that, instead, it was misapplied to the Springwood Manor house because of the forgery and plaintiff's lack of knowledge of the maker's direction as to how it should be applied. Thereby plaintiff lost his right to enforce his mechanic's lien against the Springwood Manor house. It also appears that there was due the plaintiff at the commencement of this action in excess of $17,000 on the Mooney house. The defense is of an equitable nature and requires proof of the absence of damages on the part of the plaintiff (*Shipman* v. *Bank of the State of N. Y., supra*) which the defendant bank on this record has failed to establish.

It is clear defendants Glennon Builders and Birmingham are liable to plaintiff for the conversion of the allocation of moneys for the construction of the Mooney house. Plaintiff sought and should have been awarded judgment against said defendants. Moreover, in our opinion plaintiff is entitled to interest. In an action for injury to property rights, the rule is that interest is generally awarded as a matter of right. (*De Long Corp.* v. *Morrison-Knudsen Co.*, 14 N Y 2d 346, 348, affg. 20 A D 2d 104, 109–110; CPLR 5001; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5001.04, 5001.05; see, also, *Flamm* v. *Noble*, 296 N. Y. 262; *Subin* v. *United States Fid. & Guar. Co.*, 12 A D 2d 49; 10 N. Y. Jur., Conversion, § 69.)

We hold the amended judgment should be modified, on the law and on the facts, to the extent of directing that plaintiff Hillsley have interest added to the judgment in the sum of $10,000; that plaintiff, in addition, have judgment therefor as against defendant Glennon Builders, Inc. and Thomas J. Birmingham; and the cause remanded to the trial court for the purpose of establishing the date of the conversion, from which date plaintiff is entitled to interest; and as so modified, affirmed, with costs to plaintiff-respondent-appellant.

BREITEL, J. P., RABIN, VALENTE and STEUER, JJ., concur.

Amended judgment unanimously modified, on the law and on the facts, to the extent of directing that plaintiff Hillsley have interest added to the judgment in the sum of $10,000; that plaintiff, in addition, have judgment therefor as against defendant Glennon Builders, Inc. and Thomas J. Birmingham; and the

cause remanded to the trial court for the purpose of establishing the date of the conversion, from which date plaintiff is entitled to interest; and as so modified, affirmed, with $50 costs to plaintiff-respondent-appellant. Settle order on notice.