460 P.2d 239

**Pat CHAVEZ, Sr., Plaintiff-Appellee,**

v.

**Maurice McGUIRE, Defendant-Appellant.**

**No. 8751.**

Supreme Court of New Mexico.

Oct. 20, 1969.

Carlos Sedillo, Melvin D. Rueckhaus, Albuquerque, for appellant.

Edward J. Apodaca, Albuquerque, for appellee.

## OPINION

· COMPTON, Justice.

The appellee, Pat Chavez, Sr., brought this action against Pat Chavez, Jr. to foreclose a chattel mortgage covering a liquor license owned by Pat Chavez, Jr., but at the time was in the hands of appellant McGuire as receiver. McGuire, an assignee of a prior note and chattel mortgage covering the liquor license, answered, counterclaimed, and cross-claimed asserting that the balance due him secured by his prior chattel mortgage was the principal sum of $20,000.00. The court found and concluded, however, that the balance due appellant after deducting certain payments was $14,300.00, plus interest and attorney fees. The court further found and concluded that appellee held a valid second mortgage and entered judgment foreclosing his lien and directed a sale of the license. On appeal, appellant challenges the validity of appellee's mortgage and the award of a lesser amount to him than prayed for in his counterclaim.

Although the appellant admits that the judgment does not impair his priority, he nevertheless contends that the mortgage given to the appellee is null and void for two reasons: First, because Pat Chavez, Jr. had been enjoined from creating further liens against the liquor license and secondly, because it was a fraudulent conveyance. Under the facts of this case appellant has no standing to challenge the judgment because he will suffer no injury or damages

resulting from the sale of the license. The judgment directs the priority of payments; appellant's judgment first must be paid in full from the proceeds of the sale of the license. He has made no attempt to show how he has been injured or will suffer damages as a result of the sale. Compare London v. Bruskas, 64 N.M. 73, 324 P.2d 424.

 We next consider the question whether the court erred in determining the amount of $14,300.00 as being the balance due appellant. We think there is ample evidence to support the findings of the court. While Pat Chavez, Jr. gave appellant's assignor a note in the principal sum of $20,000.00, it is undisputed that the actual consideration was $15,000.00, and the court so found.

Although no affirmative defenses were presented to appellant's counterclaim and cross-claim on this note, appellant has not raised this as an objection but contends that the consideration for the additional $5,000.00 was for the performance by the original note owner of certain obligations in connection with a sublease of the liquor store. This the court refused to find. The evidence on this point was not sufficient to warrant such a finding.

Appellant does not claim to be a holder in due course, § 50A–3–306, N.M.S.A.1953, and therefore took the note subject to the defenses included in § 50A–3–408, N.M.S.A. 1953, the last sentence of which reads:

"Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount."

See Maber, Inc. v. Factor Cab Corp., 19 A.D.2d 500, 244 N.Y.S.2d 768 (1963); Elsberry Equip. Co. v. Short, 63 Ill.App. 2d 336, 211 N.E.2d 463 (1965).

Appellant on appeal asserts that appellee's note and mortgage were null and void, being given in violation of the orders of the court. Since this issue was not raised in the lower court, it cannot be considered for the first time on appeal.

The judgment should be affirmed.

It is so ordered.

TACKETT and WATSON, JJ., concur.