JOSEPH P. TONELLI, as Chairman and on Behalf of the Board of Trustees of the Paper Industry Union-Management Pension Fund, Respondent, v CHASE MANHATTAN BANK, N.A., Appellant, and TOTOWA SAVINGS AND LOAN ASSOCIATION, Respondent.

First Department, July 8, 1976

*Andrew J. Connick* of counsel *(Eugene F. Farabaugh* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for appellant.

*Jesse Climenko* of counsel *(Joseph Ferraro* and *Kenneth A.*

*Barry* with him on the brief; *Shea Gould Climenko Kramer & Casey,* attorneys), for Joseph P. Tonelli, respondent.

*Robert C. Edmonds* of counsel *(Michael R. Miller* with him on the brief; *Hatfield, Brady & Taft, P. C.,* attorneys), for Totowa Savings and Loan Association, respondent.

CAPOZZOLI, J. We affirm on the well-reasoned opinion of Mr. Justice KIRSCHENBAUM at Special Term.

We add a brief statement concerning the attempt of the dissent to distinguish *Hillsley v State Bank of Albany* (24 AD2d 28) from the case at bar. Just as is done in the case before us, the defense was urged in the *Hillsley* case that the defendant bank was entitled to "a credit or setoff on the premise that the entire proceeds of the forged instrument were paid to Hillsley" (p 30). The court considered the authorities which the defendant bank cited and agreed that those cases did hold that recovery on a forged instrument may be defeated by showing that the rightful owner suffered no damage, and went on to say "[a]n action by the drawer of a check against his bank may be defended by proof that payment was made to the person entitled to it as against the drawer [citing cases]" (p 30). But the court then went on to say (pp 30-31):

"In the case at bar the action is in conversion of the allocation of moneys. Plaintiff's damage is prima facie $10,000, the amount of the check payable to Hillsley and Glennon Builders. * * *

"It was incumbent on the defendant bank to establish that despite the conversion the plaintiff did not sustain damages. [Citing case.] The trial court found and the record demonstrates that the check was expressly intended for application to the Mooney house; that, instead, it was misapplied to the Springwood Manor house because of the forgery and plaintiff's lack of knowledge of the maker's direction as to how it should be applied. * * * The defense is of an equitable nature and requires proof of the absence of damages on the part of the plaintiff [citing case] which the defendant bank on this record has failed to establish."

Applying this reasoning to the facts presented in the case at bar, it is clear that, although the cashier's check, issued on the order of one who obviously had no authority to direct its issuance, did find its way to Totowa, it was not used to purchase a certificate of deposit for plaintiff. Instead, it was

used to buy the certificate in the name of a stranger. Just as happened in the *Hillsley case (supra)* the plaintiff has suffered a loss by reason of the misapplication, to say the least, of its funds.

The order of Supreme Court, New York County entered on January 27, 1976 and the judgment entered thereon on Febuary 25, 1976 (KIRSCHENBAUM, J.) granting plaintiff's motion for summary judgment and denying defendant Chase's cross motion for summary judgment dismissing the complaint or for summary judgment over against defendant, Totowa, should be affirmed, with costs.

KUPFERMAN, J. (concurring). It should be made clear that our determination is to the effect that the plaintiff is entitled to recover against the defendant Chase based on that defendant's negligence. Because no motion has been made with respect thereto, we do not grant summary judgment against the defendant Totowa, which was also negligent. [We are informed that at the time the original motion was made, jurisdictional questions involving the defendant Totowa had not yet been resolved. See 49 AD2d 731.] We also leave for final determination the question of the relative claims between both defendants.

MARKEWICH, J. (dissenting). This case presents what is, to say the least, a bizarre situation. The administrator of plaintiff pension fund drew two certified checks for $100,000 each to the order of defendant Totowa Savings and Loan Association on the fund's account with defendant Chase Manhattan Bank; the purpose of the checks was purchase by the fund of two certificates of deposit from Totowa, and the familiar symbol "CD" appeared accordingly on each check. In some unexplained way, the checks were entrusted to a messenger who had been convicted of crime to complete the transaction, and he carried the checks to Totowa's president, to whom he made the unusual request that one certificate be issued to the fund, and the other to a company called Playmate, represented by him to be connected with the fund. The president sought the advice of a fellow official, who warned him against use of the described check for a purpose other than purchase of a certificate in the fund's name. The president suggested use of a "bank check" instead as a means of carrying out the suggested substitution. At this juncture, then, Totowa knew from the face of the checks whose funds were represented by

them and that that money was being paid to the payee for the specific purpose of acquisition by the fund of certificates of deposit. It was then after hours, so the checks were left for safekeeping overnight.

On the following day, the person who had brought the checks to Totowa returned and was given one of the two certified checks, unindorsed. That check was brought to Chase by a person representing himself as a Totowa messenger, who requested exchange of the unindorsed check for an official check of Chase to the original payee. The check so presented to Chase was noted: "Not used for purpose intended" and "used for official check", and the latter was issued as requested, payable to Totowa. Appropriate debits and credits were placed on the fund's records with Chase. All this was done without further inquiry of either drawer or payee of the check. The official check was then transported to Totowa, which still knew all that was known on the previous visit. However, acting upon the oral representation as to Playmate's relation with the fund, and without further inquiry, Totowa opened an account in Playmate's name for the amount of the check, and then issued two loans—never repaid—security for which was the account, for a sum representing a total of 90% of the balance therein.

On plaintiff fund's suit against both institutions for recovery of $100,000, Special Term granted the fund's motion for summary judgment against Chase and denied Chase's cross motion to dismiss or alternatively judgment over against Totowa. We would reverse and grant the cross motion to the extent of dismissing plaintiff's complaint against Chase. This is not to say that Chase was not negligent in substituting its official bank check in exchange for the return of the unindorsed certified check without making any inquiry beyond what was said by the "Totowa messenger." But that negligent act was not the proximate cause of damage to plaintiff; indeed, even though that negligent act had occurred, the funds represented now by the official check actually reached the intended payee, Totowa, and the drawer of the check, the fund, was *not* thereby damaged. The funds represented both by the certified check and the official check substituted therefor were received by named payee (Totowa) and became part of its corporate funds. (Compare *Gotham-Vladimir Adv. v First Nat. City Bank,* 27 AD2d 190, 194.) Plaintiff, recognizing the *Gotham-Vladimir* teaching, counters by the suggestion that it must be

shown that the funds were not alone received by the designated payee, but also used for the intended purpose *(Hillsley v State Bank,* 24 AD2d 28). But *Hillsley* involved a payee whose indorsement on a check was forged by his copayee, and who innocently received the proceeds of negotiation of the forged instrument in payment of an unrelated debt owed by the copayee; the named payee had indeed received the proceeds of the check, but he was unaware of the source, and the bank was held liable for paying on the forged instrument to the damage of the injured payee. Here, Totowa, with full knowledge of the purpose of payment to it, and being placed on notice—even by its own facilitating suggestion—of diversion from the purpose, made conversion possible by negligent omission to inquire of the check's drawer. (See *Munn v Boasberg,* 292 NY 5.) Reversal is indicated.

NUNEZ, J., concurs with CAPOZZOLI, J.; KUPFERMAN, J., concurs in an opinion; STEVENS, P. J., and MARKEWICH, J., dissent in an opinion by MARKEWICH, J.

Order and judgment, Supreme Court, New York County entered on January 27, 1976, and February 25, 1976, respectively, affirmed. Plaintiff-respondent and defendant-respondent shall recover of appellant one bill of $60 costs and disbursements of this appeal.