■ ANNETTE GOLDFEDER, Appellant, v QUEENS COUNTY SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent. PERRY GOLDFEDER, Third-Party Defendant. — In an action to recover the proceeds of an account paid by the defendant bank to the third-party defendant, plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated January 12, 1982, which reversed two orders of the Civil Court, Queens County, respectively granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment, reversed and vacated a judgment entered in favor of the plaintiff against the defendant in the sum of $6,124.60, denied plaintiff's motion, granted defendant's cross motion and thereupon dismissed the plaintiff's complaint. Order affirmed, without costs or disbursements. In a separation agreement executed by the plaintiff and the third-party defendant, which was incorporated by reference but not merged into a judgment of divorce

between them, it was agreed that "the wife shall transfer to the husband all her right, title and interest in the joint bank account held by the parties". By this language, the plaintiff relinquished all her claims to the joint account. Since the plaintiff had no interest in the account at the time the defendant bank released the funds in the account to the third-party defendant, the plaintiff has suffered no damage as a result of the bank's action. Having sustained no damage, plaintiff is not entitled to recover, regardless of whether or not the bank violated the terms of a stop payment order executed by the third-party defendant (see *Aspen Inds. v Marine Midland Bank*, 52 NY2d 575; *Hillsley v State Bank of Albany*, 24 AD2d 28). Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur. [113 Misc 2d 649.]