(April 4, 1991)

■ ROYAL BANK OF CANADA, Respondent, v SIDNEY M. WEISS et al., Appellants, and CLEAN TEAM HEALTH CARE SERVICES LIMITED et al., Respondents.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.) entered April 20, 1990, which denied the motion by defendants-appellants to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, the motion granted and the complaint dismissed, with costs. The clerk is directed to enter judgment in favor of defendants-appellants severing and dismissing plaintiff's complaint as against them.

In December 1986, the plaintiff in this interpleader action, The Royal Bank of Canada, issued irrevocable letters of credit securing the obligation of defendants-respondents to pay defendants-appellants, Sidney and Charles Weiss, agreed upon amounts as consideration in connection with the purchase by the defendants-respondents of the Weisses' interest in certain patents. Although the Weisses were to have been paid these amounts within three years from the date of purchase, it is not disputed that considerable amounts remain outstanding. Seeking to recover these outstanding sums allegedly due them under the contract of sale, the Weisses commenced an action in the Connecticut courts. In the context of that action, the defendants-respondents counterclaimed alleging that they had

been induced to enter the contract by the Weisses' fraud. Although defendants-respondents moved in the Connecticut action to enjoin The Royal Bank of Canada from honoring the letters of credit, the relief sought was never obtained.

Having been formally notified of the defendants-respondents' claim of fraud in the underlying transaction, The Royal Bank of Canada refused to honor the Weisses' demands for payment of the letters of credit, and on January 2, 1990 commenced the within interpleader action pursuant to CPLR 1006 claiming that it could not honor the Weisses' demands for payment of the letters of credit "without hazard to itself". The Weisses have moved to dismiss the action, arguing, *inter alia,* that the Bank is not a neutral stakeholder and, therefore, may not avail itself of the CPLR's interpleader provisions. Upon the denial of the Weisses' motion, this appeal ensued.

A letter of credit constitutes a separate contract between the issuing bank and the beneficiary, independent of the underlying contract between the parties engaged in the business transaction *(United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254; *Chiat/Day, Inc., Adv. v Kalimian,* 105 AD2d 94). Section 5-114 of the Uniform Commercial Code sets forth both the issuing bank's obligations to the beneficiaries of a letter of credit, as well as the limited "fraud in the transaction" circumstances under which payment of a letter of credit may be refused. Pursuant to section 5-114, where an injunction against payment of a letter of credit has been issued based upon a showing of fraud in the transaction, the issuing bank must refuse payment; where no such injunction has been issued but the bank has been put on notice of the customer's claim of fraud in the transaction, as is the case here, the bank has the option of either honoring or refusing to pay the letter of credit. If when faced with this option the bank elects to pay, it may do so without incurring liability to its customer since the UCC makes no provision for a cause of action by the customer against the bank for wrongful payment unless the customer has succeeded in having payment enjoined *(see,* UCC 5-114). If, on the other hand, the bank on notice of a mere claim of fraud elects to withhold payment, it does so at the risk of defending an action by the beneficiary for wrongful dishonor (UCC 5-115). This latter risk is substantial, for the bank's defense of an action for wrongful dishonor will only succeed upon a showing that active and intentional fraud permeated the entire transaction *(see, Chiat/Day, Inc., Adv. v Kalimian, supra).*

Interpleader is a device appropriately invoked by a stakeholder "who is or may be exposed to multiple liability as the result of adverse claims" (CPLR 1006 [a]). While there are here involved adverse claims to a particular fund, as can be seen from the foregoing examination of the relevant UCC provisions, these claims do not subject the present interpleader plaintiff to multiple liability; the Bank could have avoided all liability by simply honoring the Weisses' demands for payment of the letters of credit, and having failed to do so, still does not face multiple liability since the only action the Bank may have to defend will be one by the Weisses for wrongful dishonor. As the Bank does not face multiple liability it is not a stakeholder within the meaning of CPLR 1006 (a) and, therefore, may not proceed by way of interpleader. For this reason defendants-appellants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) ought to have been granted.

The utility of a letter of credit as a means of securing prompt payment of an underlying obligation would be undone if timely payment by the issuer were to be excused in any but the most extraordinary circumstances. The UCC, therefore, places the risk of dishonor squarely upon the issuer in all but the exceptional circumstances set forth in UCC 5-114 (2). Certainly, the CPLR's interpleader provisions are not properly employed as a means for the issuer to avoid the risks of dishonor so purposefully allocated by the UCC. Having elected not to honor the Weisses' demands for payment, the Bank may not now gratuitously characterize itself as a mere stakeholder so as to obtain discharge pursuant to CPLR 1006 (f) and thereby escape what would appear to be a substantial risk of liability for wrongful dishonor. Having said this, we express no view as to the sufficiency of the Bank's allegations of fraud in the underlying transaction, those allegations being irrelevant to the dispositive question of whether the Bank may claim the status of a stakeholder pursuant to CPLR 1006 (a). As we do not address those allegations or the related question of whether the Bank's dishonor was in fact wrongful, it would not be appropriate for us to direct in accordance with the Weisses' request that the Bank pay the letters of credit. We have, however, noted that the Bank has entertained, and will continue to entertain considerable exposure by withholding payment. Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.