■ FAY INOVLOTSKA, Appellant, v GREENPOINT BANK et al., Respondents. [780 NYS2d 358]—

In an action, inter alia, to recover damages for breach of contract and conversion, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 26, 2002, which, inter alia, granted the motion of the defendant Greenpoint Bank to be discharged as a stakeholder in disputed funds and for an award of an attorney's fee and dismissed the complaint insofar as asserted against it, (2) an order of the same court dated April 23, 2003, which granted the motion of the defendant Donna Fern Berkowitz for partial summary judgment dismissing the first and fifth causes of action insofar as asserted against her and directed that the funds held in escrow by Greenpoint Bank be disbursed to her.

Ordered that the order dated November 26, 2002, is modified, on the law, by deleting the provisions thereof granting the motion of the defendant Greenpoint Bank and dismissing the complaint insofar as asserted against it and substituting therefor a provision denying the motion; and it is further,

Ordered that the order dated April 23, 2003, is reversed, on the law, and the motion of the defendant Donna Fern Berkowitz is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's neighbor, Etta Price, age 88, died on February 7, 2002. On February 1, 2002, wheelchair-bound Price, ac-

companied by the plaintiff, had attempted to withdraw all the funds Price had on deposit in four accounts she held with the defendant Greenpoint Bank (hereinafter Greenpoint). The accounts were held in Price's name in trust for her niece, the defendant Donna Fern Berkowitz. Finding Price confused and frail, the branch manager at Greenpoint refused to honor the withdrawal because he suspected that undue influence was being exerted on her. Several days later, on February 5, 2002, Price executed four withdrawal and deposit slips at Astoria Federal Savings and Loan Association (hereinafter Astoria) with the same purpose in mind. Price allegedly wished to have all her Greenpoint funds deposited into several joint accounts she had just opened with the plaintiff on January 28, 2002, at Astoria. However, before Greenpoint could act, it learned that Price had died. On March 18, 2002, Greenpoint paid over the money, approximately $240,000 in the four accounts, to Berkowitz. Several days before her death, Price also executed a will naming the plaintiff as the sole beneficiary of her estate.

The plaintiff commenced this action against Greenpoint and Berkowitz, alleging, inter alia, claims sounding in breach of contract, negligence, and conversion. The plaintiff claimed that Greenpoint had wrongly failed to abide by the decedent's requests and that the plaintiff, therefore, was the rightful recipient of the Greenpoint funds. In response to a motion by the plaintiff for preliminary injunctive relief, the parties entered into a stipulation agreeing that Berkowitz would return the disputed funds and that Greenpoint would hold those funds in escrow pending the outcome of the suit. Greenpoint thereafter, pursuant to CPLR 1006 (f), moved to be discharged as a stakeholder, claiming that it took no side as to which party was the rightful recipient. By order dated November 26, 2002, the Supreme Court granted the motion, discharged Greenpoint from all liability, dismissed all claims asserted against it, and awarded it an attorney's fee. Subsequently, Berkowitz moved for partial summary judgment based on the order discharging Greenpoint. The rationale was that if there was no finding of wrongdoing on Greenpoint's part in refusing to honor the withdrawal, then there was no wrongdoing on Berkowitz's part for simply receiving the funds as the record owner. By order dated April 23, 2003, the Supreme Court granted Berkowitz's motion and directed that the disputed funds be dispersed to her.

The Supreme Court improvidently exercised its discretion in discharging Greenpoint (see CPLR 1006 [f]). Greenpoint was a named defendant against whom the plaintiff asserted independent liability, and as such, was not a mere stakeholder,

notwithstanding the fact that the bank claimed no interest in the disputed funds. Under these circumstances, before a determination was rendered as to the competency of the decedent in the days preceding her death and the reasonableness of Greenpoint's conduct in refusing to honor the decedent's withdrawals, discharging Greenpoint was inappropriate and unwarranted (*see Royal Bank of Can. v Weiss,* 172 AD2d 167, 169 [1991]; *Birnbaum v Marine Midland Bank,* 96 AD2d 776, 777 [1983]; Weinstein-Korn-Miller, NY Civ Prac ¶ 1006.13).

Further, Berkowitz's motion for partial summary judgment should not have been granted. Prior to determining the issues involving whether the decedent had effectively revoked the trust accounts prior to her death (*see* EPTL 7-5.2; *Matter of Beck,* 63 NY2d 1026 [1984]; *Matter of Jergensen,* 131 AD2d 851 [1987]), no determination can be made as to the rightful owner of the funds. Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.