SECOND DEPARTMENT, JULY, 1977)

(July 5, 1977)

■ IRIS AHRENS, Appellant, v WESTCHESTER FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Respondents.—In actions to recover damages for conversion and negligence, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated May 10, 1976, which is in favor of defendants, after a nonjury trial. Judgment modified, on the law, by deleting so much thereof as is in favor of defendant Westchester Federal Savings and Loan Association (Westchester) as against plaintiff, and, as between plaintiff and the said defendant, action severed and new trial granted with respect to the conversion cause of action. As so modified, judgment affirmed, without costs or disbursements. In January, 1971 plaintiff's parents secretly settled a gift of money upon plaintiff, in trust for her children. The gift was to be announced to plaintiff after the savings bank trust accounts had been established at defendant Westchester. The parents authorized plaintiff's husband to secure her signature on bank signature cards. Instead, he forged his wife's signature on those cards and returned them to the bank. In January, February, March and May, 1971, plaintiff's husband forged her signature on four withdrawal orders and presented them to the bank. Westchester honored the withdrawal orders, and issued, as payment thereon, four checks drawn on its own account at the Federal Home Loan Bank, made payable to plaintiff. Her husband then forged plaintiff's indorsement on the four checks and deposited them in his business account at defendant Scarsdale National Bank and Trust Company. Scarsdale National forwarded the checks to the Federal Home Loan Bank for collection; they were ultimately accepted and paid. Under section 4-401 of the Uniform Commercial Code, Westchester could not debit plaintiff's account for the four withdrawals made by plaintiff's husband without her authorization. Under section 3-419 (subd [1], par [c]) of the Uniform Commercial Code, an instrument is converted when it is paid on a forged indorsement. Although the four checks were drawn by Westchester on its account at its drawee bank, Federal Home Loan, payment on the checks was made from defendant's funds. Westchester treated the four items as though they were properly payable from its account at Federal Home Loan. In banking practice, money is fungible. Payment was made by Westchester when its own bank, Federal Home Loan, accepted the checks and paid out on them on the account of Westchester. The fact that Westchester did not pay cash over the counter on the four withdrawal orders, but ordered its own bank to make payment thereon, does not alter the legal effect of the transactions. At the trial plaintiff established a prima facie case as against Westchester. At the

new trial, the court should, of course, consider the defenses interposed by Westchester. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.