OPINION OF THE COURT
Karla Moskowitz, J.
The novel issues on these two motions, consolidated for disposition, are the respective rights and liabilities of the purchaser, payee, selling bank, and issuing institution, regarding money orders paid on a forged indorsement.
Defendant the Merchants Bank of New York (Merchants) moves for summary judgment pursuant to CPLR 3212. Defendant American Express Co. (Amex) moves for dismissal on selected causes of action pursuant to CPLR 3211 (subd [a], par 7).
The plaintiff, Sony Corporation of America (Sony), sues Merchants, the selling bank, and Amex, the issuing institution. Sony sues as payee and as the assignee of Lewi, the purchaser/drawer of the money orders, for the recovery of $3,000 improperly or negligently paid on these money orders over forged indorsements.
THE FACTS
On November 9, 1979 Lewi purchased three American Express money orders at the Merchants Bank. Each was for $1,000. He filled in Sony Corporation as payee, and mailed the money orders to Sony. Sony never received the money orders. The money orders were stolen by “Brian Taylor” who apparently added himself as copayee on two of the money orders. Taylor indorsed and cashed all three money orders — two at National Bank of North America, and the third at Morgan Guaranty Trust Co. Neither of these banks are parties to this lawsuit. Nor is the First National Bank of Denver, Colorado, the collecting bank, a party.
THE INSTRUMENT
The instrument at issue is not a bank money order because it is not a note and official instrument of the issuing bank signed by an authorized bank agent and issued by the bank to a named payee. The statement on the back of the check confirms that the instrument is not a traveler’s check signed by an officer of the issuer. In *1062 contrast, a personal money order is issued and drawn upon a commercial or savings bank. The purchaser pays the face amount plus a small service charge. Subsequently, the purchaser inscribes his or her signature and the name of the payee.
In this case each instrument is boldly captioned “American Express Money Order”. On the right front side “American Express Company Issuer” appears in small print, and on the lower left hand side “Payable Through First National Bank, Denver, Colorado” appears. (Noncommercial institutions are ordinarily required to make their money orders “payable through” a commercial bank that performs the clearing and paying functions by prior arrangement with the issuing [selling] bank. See Personal Money Orders and Teller’s Checks: Mavericks under the UCC, 67 Col L Rev 524, 525, n 8.)
Under the title “American Express Money Order” the emblem of and title “The Merchants Bank of New York” is printed. On the back of the money order is an inscription entitled notice that states: “this is not a travelers CHECK AND SHOULD NOT BE CASHED FOR STRANGERS AMERICAN EXPRESS COMPANY RESERVES THE RIGHT TO REFUSE PAYMENT OR CHARGE BACK THIS MONEY ORDER IF IT IS RAISED ALTERED OR STOLEN OR IF ANY SIGNATURE IS OMITTED OR FORGED THEREFORE FOR YOUR OWN PROTECTION YOU SHOULD DEAL ONLY WITH PERSONS KNOWN TO YOU AND AGAINST WHOM YOU HAVE EFFECTIVE RECOURSE”.
I find that the money orders in this case are personal money orders for the following reasons: Amex is named as the issuer; the order is “payable through” a bank other than Merchants; and, as discussed below, the instrument is treated in practice as a personal check. The money order does not contain the signature of an officer of Merchants. I find that Merchants’ name appears on the money orders only because it is Amex’ sales agent.
The personal money order is treated and considered as a personal check and fulfills that purpose for those who cannot afford or who little need to maintain checking accounts. (Berler v Barclays Bank of N. Y., 82 AD2d 437; 67 Col L Rev 524, 526.)
*1063 As the Appellate Division, First Department, discussed in Berler v Barclays Bank of N. Y. (supra, p 440 [a decision pertaining to stop payment orders on personal money orders]), “Although [personal money orders] have a more formal appearance than the usual personal check, such appearance does not change their character or the rights and obligations of those who issue and receive them * * * [Just like personal checks, personal money orders are] [o]n their face * * * plainly signed by the drawer, not by the bank [and] clearly direct the bank [or issuing institution, here, Amex] to pay the payee.”
I find that, here, Lewi, as the purchaser of the money orders, has the same rights and obligations as the maker or drawer of a personal check. The plaintiff Sony, as assignee of Lewi’s rights, possesses the rights of a drawer and its own rights as the payee of what is, in effect, a personal check. Amex, as issuer, stands in the shoes of a drawee bank.
APPLICABLE LAW
Absent a drawer’s negligence, a drawee may not charge a drawer’s account when it pays a check bearing a forged drawer’s signature or indorsement. The basis of this rule is, precode, the contractual relationship between the drawee and drawer, and postcode, subdivision (1) of section 4-401 of the Uniform Commercial Code as well as the contractual agreement between the depositor and the drawee bank. Subdivision (1) of section 4-401 of the Uniform Commercial Code states: “as against its customer, [the] bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft.” (Emphasis added; White & Summers, Uniform Commercial Code [2d ed], § 15-3, p 585; Bell, The Payor Bank and Its Customer: An Analysis of Recent Cases, 6 U of Toledo L Rev 110, 113.)
Thus the general rule is that, as between the drawer and the drawee, losses resulting from payment on a forged indorsement are borne by the drawee.
A conversion action also exists (again both pre- and postcode) codified in section 3-419 (subd [1], par [c]) of the Uniform Commercial Code that states in relevant part:
*1064 As a general rule, under this section, a payee clearly has a cause of action against a drawee bank (White & Summers, Uniform Commercial Code, [2d ed], § 15-4, p 586; Forman v First Nat. Bank of Woodridge, 66 Misc 2d 432; Ahrens v Westchester Fed. Sav. & Loan Assn., 58 AD2d 799). In contrast, the drafters of the Uniform Commercial Code did not intend that a drawer have a conversion action against the drawee bank. Comment 3 to section 3-419 (subd [a], par [c]) refers to the rights of the owner, i.e., the payee, not the drawer. (See Stone & Webster Eng. Corp. v First Nat. Bank & Trust Co. of Greenfield, 345 Mass 1 [drawer does not possess right of payee to present check to drawee bank and therefore may not sue in conversion].)
Applying these principles to the present action, Sony possesses the rights of the drawer/purchaser against the drawee for paying an instrument not properly payable (Uniform Commercial Code, § 4-401) and its own rights as payee to sue in conversion (Uniform Commercial Code, § 3-419, subd [1], par [c]).
THE PARTIES’ OBLIGATIONS
The role of defendant Merchants was limited to the sale of the money orders for the disclosed principal/drawee Amex. Merchants cannot be cast as a payor, collecting, depository or drawee bank. (See Uniform Commercial Code, § 4-105.)
Although Merchants sold the money orders to the drawer/purchaser, it was not involved with the transfer, negotiation or payment of the money orders containing forged indorsements. The plaintiff’s causes of action are based upon the negotiation of the money order after its sale to the purchaser and therefore the complaint fails to state a cause of action against the defendant Merchants.
Summary judgment may be awarded where the complaint fails to state a cause of action or where no legal wrongdoing is set forth. (Finger v Roth Bros. Regal Rest. Supply Corp., 2 Misc 2d 944, 945; Kamin v American Express Co., 86 Misc 2d 809, 815.) Plaintiff’s unsupported statements regarding Merchants’ role are bald, conclusory *1065 statements without any evidentiary facts and are insufficient to defeat a motion for summary judgment. (Rotuba Extruders v Ceppos, 46 NY2d 223, 231.)
In opposing a motion for summary judgment, once a prima facie showing has been made, it is incumbent upon the opposing party to come forward with matters of an evidentiary nature to demonstrate the presence of a triable issue. The opposing party is required to assemble, lay bare and reveal his proofs in order to show that the claims are real and capable of being established on trial. (Freedman v Chemical Constr. Corp., 43 NY2d 260; Chemical Bank v Queen Wire and Nail, 75 AD2d 999, 1000.) The plaintiff has failed to meet these standards.
Plaintiff contends it gave notice to Merchants and Amex after it learned of the improper payment of the money orders, and, therefore, Merchants’ stop payment procedures are at issue. A stop order is irrelevant in the present case because the money orders were cashed before notice was given. Further, plaintiff’s claims that issues of fact exist as to the method of Merchants’ money order payment do not defeat the present summary judgment motion, because plaintiff has presented no facts to support any involvement by Merchants in the payment process.
On the other hand, Sony, as payee has stated valid causes of action against the defendant Amex, as discussed above, in conversion, and as assignee of the drawer for payment of a check on a forged indorsement. (See Kenmore Estates v Montrose Ind. Bank, 266 App Div 982.)
The motion by Amex to dismiss pursuant to CPLR 3211 (subd [a], par 7) is granted as to the eighth cause of action that seeks punitive damages in the amount of $1,000,000. The jurisdictional limit of the Civil Court, City of New York, is $10,000. (CCA, § 201.) The Civil Court itself can transfer an action to Supreme Court where the $10,000 limit is exceeded (NY Const, art VI, § 19, subd f) or may retain the action if the plaintiff is willing to reduce its claim to an even $10,000. The present plaintiff is willing to do so. However, punitive damages may not be obtained absent a showing of bad faith. An award of punitive damages is a social exemplary “remedy” not a private compensatory remedy. (Walker v Sheldon, 10 NY2d 401, 404; *1066 Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71.) The facts in the present case do not support any claim for punitive damages. Therefore the eighth cause of action is dismissed.
DECISION
The defendant Merchants’ motion for summary judgment is granted. Defendant Amex’ motion to dismiss is granted only as to the eighth cause of action for punitive damages. Settle order with provision for severance of remaining causes of action and entry of interlocutory judgment as to defendant Merchants.