■ J. SUSSMAN, INC., Appellant, v MANUFACTURERS HANOVER TRUST COMPANY, Respondent.

The record amply demonstrates that the plaintiff failed to timely notify the defendant in writing of the alleged forgeries as required by the agreement of the parties and by Uniform

Commercial Code § 4-406 (1) and (2); hence, the plaintiff cannot prevail in the instant action. Moreover, the plaintiff cannot avoid this result by alleging in conclusory fashion that the defendant failed to exercise reasonable care in paying the items (see, Uniform Commercial Code § 4-103 [1]; § 4-406 [3]). The defendant submitted an affidavit of its assistant vice-president in charge of its retail bookkeeping center which established that the check processing procedure utilized by the defendant in this case is generally followed in the banking industry. Such a check processing procedure, which is consistent with "general banking usage" and which is "not disapproved by" article 4 of the Uniform Commercial Code, "prima facie constitutes the exercise of ordinary care" (Uniform Commercial Code § 4-103 [3]). Accordingly, the plaintiff failed to establish a triable issue of fact with respect to this issue, and summary judgment was properly granted in favor of the defendant. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.