■ HASSAN QASSEMZADEH, Appellant, v IBM POUGHKEEPSIE

EMPLOYEES FEDERAL CREDIT UNION, Respondent.—In an action to recover damages for money paid out on an allegedly altered share draft, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated January 13, 1989, which granted the defendant's motion for summary judgment, denied the plaintiff's cross motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In 1983, the plaintiff had a share draft account with the defendant credit union. Allegedly, share draft No. 264, dated December 1, 1982, made payable for $9.60, was altered and subsequently cashed for $9,000.60. Thereafter, the defendant debited the plaintiff's account in the amount of $9,000.60. Although the account statement for January 1983, which was mailed by the defendant to the plaintiff's niece as directed by the plaintiff, revealed that the draft had been paid on January 6, 1983, in the amount of $9,000.60, the plaintiff failed to notify the defendant of the problem until on or about January 14, 1984.

We conclude that the plaintiff waived his right to bring this action by failing to notify the defendant of the alleged altered draft within 30 days after his account statement was mailed to him, as required by the share draft agreement. Moreover, the defendant's check processing procedure was consistent with that followed by all credit unions, and was not contrary to UCC article 4. Thus, it "prima facie constitutes the exercise of ordinary care" (UCC 4-103 [3]; *see, J. Sussman, Inc. v Manufacturers Hanover Trust Co.,* 140 AD2d 668; *cf., SOS Oil Corp. v Norstar Bank,* 76 NY2d 561). Therefore, summary judgment was properly granted in favor of the defendant. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.