OPINION OF THE COURT
Thomas W. Keegan, J.
Defendant, Manufacturers Hanover Trust Company (MHT), brings this motion to dismiss the complaint of the plaintiff, the Lawyers’ Fund for Client Protection (The Fund).
The Fund brought suit as assignee of Marie Kless, thereby *361 standing in the shoes of the injured party. In exchange for the assignment and subrogation of all Kless’ rights, claims and causes of actions, The Fund satisfied Kless’ claim for $26,676.16 as against her attorney, James R. Gunderman. Gunderman, originally hired by Kless in 1982 regarding the sale of her home, was again retained in 1987 upon its resale to represent Kless in the collection of an outstanding purchase-money mortgage.
Gunderman was to obtain the moneys necessary to satisfy the purchase-money mortgage given to Kless by the original purchasers. At the time of closing, the attorneys for the mortgagee of the new purchasers drew a check for $26,676.16, payable to the purchasers’ attorney, James D. Carrel, as attorney. In exchange for discharge of the mortgage, Carrel indorsed the certified check payable to the order of Marie C. Kless.
Kless never received the check or its proceeds. Instead, Attorney Gunderman indorsed the check payable to the order of himself, and forged Kless’ signature. Gunderman deposited the check in his own account at MHT, later withdrawing the entire amount before MHT’s knowledge of the forgery, or commencement of this action.
Defendant first claims Gunderman had authority to sign the check, and that plaintiff therefore may not assert forgery. We find this argument without merit. Gunderman possessed neither apparent nor implied authority to indorse and collect the proceeds of the check.
Apparent authority arises where words or conduct of the principal, communicated to a third party, lead to the appearance and belief that the agent possesses authority to enter into a particular transaction. (Hallock v State of New York, 64 NY2d 224, 231 [1984].) Kless, the principal, had no contact whatsoever with the third party, MHT, therefore any belief by MHT that Gunderman possessed authority did not result from conduct of the principal.
Furthermore, Kless owed no duty to MHT. A principal is liable to a third party for an agent’s actions only where the general type of conduct — in this instance forgery — may have been reasonably expected. (Riviello v Waldron, 47 NY2d 297, 304 [1979].) Kless should not have reasonably expected Gunderman, in his fiduciary capacity as her attorney, to commit forgery. Therefore, she was not obliged to contact MHT prior to the transaction with Gunderman.
*362 Additionally, Gunderman possessed no implied authority to .«sign the check. (Porges v United States Mtge. & Trust Co., 203 NY 181 [1911]; Morris v Ohio Cas. Ins. Co., 35 Ohio St 3d 45, 517 NE2d 904 [1988]; Palomo v State Bar, 36 Cal 3d 785, 685 P2d 1185 [1984].) Gunderman’s signing of the check was wholly unnecessary in light of his client’s objectives.
Because Gunderman’s actions were unauthorized, we reject MHT’s contention that it is not liable to plaintiff in its capacity as a drawee bank. MHT converted the check when it paid on the forged indorsement. (Uniform Commercial Code § 3-419 [1] [c]; Henderson v Lincoln Rochester Trust Co., 303 NY 27 [1951].) A rule of absolute liability applies in an action for conversion of an instrument by a drawee bank. (Uniform Commercial Code § 3-419 [2], comment 4.)
Defendant’s motion to dismiss the complaint is therefore denied. The measure of MHT’s liability, in its capacity as drawee bank, is the face amount of the check plus interest.
Plaintiff also brings a cross motion for summary judgment. The motion, however, is premature since defendant has not yet answered the complaint. (CPLR 3211.) Plaintiff may therefore reassert its motion after the answer has been served.
The court has considered all other arguments by the parties and finds them without merit. Accordingly, all motions are denied.