OPINION OF THE COURT
Raymond E. Cornelius, J.
This action, which was commenced by service of a summons and complaint on November 15, 1991, involves claims for damages in the total amount of $23,450. The plaintiff, Beverly *579 Williamson, alleges that the defendant, Citibank (New York State) N. A., as drawee, paid three checks, made payable to herself, but which contained forged endorsements. These checks were issued by First Federal Savings of Arkansas F. A. between November 15, 1988 and November 22, 1988, in the amounts of $13,100; $4,900; and $5,450 respectively. The plaintiff has now made a motion for summary judgment, pursuant to CPLR 3212, and the defendant has cross-moved for dismissal of the complaint, pursuant to CPLR 3211.
Based upon the motion papers, and the documents submitted in support thereof, it would appear that the three checks in question represented draws on a construction loan, which had been made by First Federal Savings of Arkansas F. A. to Beverly Williamson. The purpose of the loan was to finance the building of a home, for which one James A. Norris had been retained as contractor. The plaintiff is currently repaying this loan to American Residential Mortgage Corporation at the rate of $1,056 per month. The total amount of the loan, $92,000, includes the amount of $23,450, represented by the three checks. The motion papers further disclose that the three checks were given to Mr. Norris, the contractor, by First Federal Savings of Arkansas F. A., and cashed, by him, at One National Bank. The plaintiff has also commenced a separate action against this depository bank in the Pulaski County Circuit Court in Little Rock, Arkansas. (Williamson v One Natl. Bank, ct No. 91-6709.)
The cross motion to dismiss the complaint relies primarily upon the affidavit of an attorney employed by the bank’s litigation management unit, together with a copy of the complaint, which forms the basis for the litigation in the action pending in the State of Arkansas. Counsel contends, in part at least, that the plaintiff has not sustained any damages because, presumably, the bank would not have released the funds unless the work had been completed. This affidavit acknowledges that plaintiff’s complaint, in the action pending in the State of Arkansas, expressly alleged that the contractor was not entitled to payment because the work required to permit such progress payments had not been completed. Nevertheless, counsel alternatively contends that the plaintiff should therefore not be responsible for payment of the amounts represented by the three checks. In addition, the defendant’s motion to dismiss the cause of action for conversion is based upon the claimed failure to plead or demonstrate *580 that the checks were ever delivered to the plaintiff or in her possession.
An affidavit, by the plaintiff, has been submitted in support of the motion for summary judgment in which she recites, in relevant part, that the endorsements on the three checks are forgeries, and that "I have received none of the proceeds from any of the instruments at issue, or any other benefit therefrom, either directly or indirectly.” Furthermore, another affidavit signed by the plaintiff, submitted in opposition to the defendant’s cross motion to dismiss, recites that the contractor "had my authority to act as a courier on my behalf and to serve as my agent for the purpose of receiving periodic disbursements on the construction loan with First Federal, and for the purpose of delivering these disbursements in the form of negotiable instruments to me.” Thus, plaintiff concludes, in this affidavit, that the contractor obtained the three checks, subject of the lawsuit, "with my authority, for the purpose of delivering them to me”, but again asserts that he did not have authority to endorse and negotiate the instruments.
The moving party, on a motion for summary judgment, must make a prima facie showing of entitlement to judgment as a matter of law and submit sufficient evidence to demonstrate the absence of any material issue of fact. (Iselin & Co. v Mann Judd Landau, 71 NY2d 420 [1988]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980].) Of course, failure to make out a prima facie showing requires denial of the motion for summary judgment regardless of the sufficiency of the opposing papers. (Winegrad v New York Univ. Med. Ctr., supra.) However, if the proponent does demonstrate entitlement to summary judgment, the opposing party must then demonstrate, generally by admissible evidence, the existence of a factual issue requiring trial. (Zuckerman v City of New York, supra.) In this regard, although the affidavit of an attorney may be used as the basis for submitting other evidentiary proof, such as documents or transcripts, it is generally insufficient, by itself, to raise issues of fact if not based upon personal knowledge. (Zuckerman v City of New York, supra.)
In the pending case, the affidavit of counsel for the defendant is legally insufficient to rebut plaintiff’s assertions, contained in her affidavit, tending to establish the existence of damages. More particularly, plaintiff states that the total amount of the loan, upon which she has been making monthly payments, includes the amount of the three checks, but with *581 out any other benefit. In any event, Uniform Commercial Code § 3-419, in relevant part, provides as follows:
"(1) An instrument is converted when * * *
"(c) it is paid on a forged instrument.
"(2) In an action against a drawee under subsection (1) the measure of the drawee’s liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument.”
This action has been brought against Citibank (New York State) N. A., as drawee, and therefore, the total damages consist of the face amount of the three checks. This is to be distinguished from an action against some other party, such as a collecting or depository bank, where the measure of damages is only presumed to be the face amount of the instrument. In such instance, the defendant may be able to rebut the presumption by showing that the named payee was entitled to receive only a portion of the proceeds, which would thereby reduce the amount of damages. (See, e.g., Cartwright Van Lines v Barclays Bank, 120 AD2d 478 [2d Dept 1986].)
A similar analysis would apply to the contention, advanced in the affidavit of defendant’s counsel, that plaintiff’s action for conversion must fail because of the lack of delivery of the three checks. As a general rule, in the absence of possession of a check, a named payee does not become a holder thereof, and is unable to successfully bring an action for conversion against a depository bank. (State of New York v Barclays Bank, 76 NY2d 533 [1990].) Certainly, there would be no reason why this same rule should not be applied in an action against a drawee bank. (See, Sony Corp. v American Express Co., 115 Misc 2d 1060 [1982].) However, in either case, the possession may be either actual or constructive, and the latter type of possession may be established, for example, "through delivery to the payee’s agent, to a copayee, or to a coindorsee”. (State of New York v Barclays Bank, supra, at 537-538.) In the pending case, there is nothing contained in the defendant’s papers to rebut plaintiff’s sworn statement to the effect that the contractor, who allegedly forged her endorsement on the three checks, had been authorized to act as her agent for the purpose of receiving periodic disbursements on the construction loan.
Based upon the foregoing reasons, plaintiff’s motion for summary judgment should be granted in regard to the first *582 cause of action for conversion, pursuant to Uniform Commercial Code § 3-419. Although the court declines to grant defendant’s motion to dismiss the tort causes of action, contained in the complaint, the second cause of action, alleging breach of contract, should be dismissed. Generally, there is no contractual relationship between a drawee and a payee of a check, and thus, the payee does not possess a cause of action for breach of contract based upon payment of proceeds of a check bearing a forged endorsement. (Henderson v Lincoln Rochester Trust Co., 303 NY 27 [1951].)
It is hereby ordered that the plaintiff’s motion for summary judgment, on the first cause of action for conversion, is hereby granted, and it is further ordered that the defendant’s motion to dismiss the first and third causes of action are hereby denied, and it is further ordered that the defendant’s motion to dismiss the second cause of action, alleging breach of contract, is hereby granted.