■ MICHAEL SMALL et al., Respondents, v BANK OF NEW YORK, Appellant. (And a Third-Party Action.) [636 NYS2d 71] —In an action, *inter alia*, to recover damages for negligence and fraud, the defendant, Bank of New York, appeals from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), entered September 12, 1994, as denied the branch of its motion which was for summary judgment dismissing the complaint insofar as it asserted causes of action on behalf of the plaintiff Centerstage Entertainment, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint insofar as it asserted causes of action on behalf of the plaintiff Centerstage Entertainment, Inc., is granted, and the complaint is dismissed.

The plaintiff Michael Small and the third-party defendant Charles Cornacchio were each 50% shareholders of, and operated, the plaintiff Centerstage Entertainment, Inc. (hereinafter Centerstage), a matinee theatre. Small and Cornacchio opened a corporate account at the defendant, Bank of New York (hereinafter the Bank), which account required the signatures of both shareholders on each check. When Small was not readily available to sign checks, Cornacchio opened a second account at the Bank, which required only one signature for the payment of checks. Cornacchio then proceeded to draw checks on the first and second accounts with only his signature to pay for legitimate debts of Centerstage.

Thereafter, Small and Centerstage instituted this action against the Bank for paying Centerstage's checks from both accounts with one signature. The Bank moved for summary judg-

ment which was granted as against Small, who as a shareholder had no capacity to sue, but was denied as against Centerstage.

On this appeal, the Bank argues that the branch of its motion which was for summary judgment dismissing the complaint insofar as it asserted causes of action on behalf of Centerstage should have been granted because Centerstage did not suffer any damages since the disputed checks were all written for legitimate corporate expenses. We agree.

The documentary and testimonial evidence attached to the affidavit submitted by the Bank in support of its motion for summary judgment established that the checks drawn by Centerstage and paid by the Bank with only Cornacchio's signature were legitimate expenses of Centerstage and therefore, Centerstage incurred no damages by their payment.

The burden then shifted to Centerstage to produce evidence in admissible form sufficient to establish the existence of a material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). In opposition to the Bank's motion for summary judgment, Centerstage submitted an affirmation of its counsel, made without personal knowledge, and based, in part, on information and belief and, in part, on the files maintained in his office and on conversations with Small, which was insufficient to defeat a motion for summary judgment *(see, Mogil v Town of Hempstead,* 152 AD2d 687).

Moreover, the affirmation did not raise a triable issue of fact. Centerstage submitted no evidence refuting the very specific showing made by the Bank that the checks drawn on the Centerstage accounts by Cornacchio alone and paid by the Bank were not for anything but bona fide expenses of the corporation. Since there was no proof tendered by Centerstage that the payees on the disputed checks were anything but legitimate creditors of Centerstage, there was no evidence that Centerstage suffered damages *(see, Abramson v First Natl. City Bank,* 17 UCC Rep Serv 472; *see also, Sundail Constr. Co. v Liberty Bank,* 277 NY 137; *Cooper v Stock Yards Bank,* 644 P2d 123 [Okla]). Therefore, summary judgment should have been granted dismissing the complaint insofar as it asserted causes of action on behalf of Centerstage. Thompson, J. P., Altman, Friedmann and Florio, JJ., concur.