■ HERZOG, ENGSTROM & KOPLOVITZ, P. C., Respondent, v UNION NATIONAL BANK, Appellant. [640 NYS2d 703] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 31, 1995 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

The complaint in this action alleges that, between December 11, 1990 and March 4, 1991, defendant negligently paid checks drawn on plaintiff's checking account with defendant over a forged drawer's signature. Following some discovery, defendant moved for summary judgment dismissing the complaint on the ground plaintiff had not complied with certain "rules and regulations" (hereinafter rules) governing the account. Supreme Court denied the motion, finding there was an issue of fact as to whether the rules were part of the parties' contract. This appeal ensued.

We affirm for different reasons. We disagree with Supreme Court's finding since the acknowledgement by plaintiff's officers that the rules had been given to them and their agreement to be bound by any changes made to said rules belies the conclusory claim by plaintiff's vice-president to the contrary.

The UCC imposes strict liability on a bank that charges against a customer's account any item not properly payable, such as a forged check (see, Woods v MONY Legacy Life Ins. Co., 84 NY2d 280, 283). While the initial risk of loss from a forgery is placed upon the bank, the UCC recognizes several conditions which will shift the risk of loss to the customer, including failure to examine bank statements in a timely manner (UCC 4-406). UCC 4-406 (1) provides that customers must "exercise reasonable care and promptness" to examine their bank statements and checks and must promptly notify the bank if they discover a forgery. If they fail to do so, under certain circumstances, they may be precluded from asserting the unauthorized signature against the bank, provided the bank itself exercised ordinary care (UCC 4-406 [2], [3]).

In this instance, defendant claims it is further shielded from liability by its rules governing plaintiff's account. These rules essentially track the UCC except that they provide that customers who fail to provide notice of a forgery within 14 days of receipt of their bank statement are precluded from asserting claims against defendant without regard to whether defendant exercised ordinary care in processing the forged check. Relying on this rule, defendant maintains that it is entitled to

summary judgment as it is undisputed that plaintiff did not notify it of the forgeries until September 23, 1991, almost nine months after it received its bank statement that included the first forged check.

We do not accept this argument. While a bank and its customer may agree to vary the provisions of UCC article 4, the agreement may not abrogate the bank's responsibility to exercise good faith and ordinary care (*see, Zambia Natl. Commercial Bank v Fidelity Intl. Bank*, 855 F Supp 1377, 1392; *Sunshine v Bankers Trust Co.*, 34 NY2d 404, 410; *see also*, UCC 4-103 [1]). Therefore, even though plaintiff's conduct fell squarely within the rules, defendant will not be protected from liability if plaintiff establishes that it did not observe the standards of ordinary care (6A Hawkland, Uniform Commercial Code Series § 4-103:03). On this point, plaintiff's proof that defendant may not have inspected its checks for unauthorized signatures since they were for less than $10,000, coupled with defendant's failure to respond with evidentiary proof establishing that its processing of the checks comported with Federal Reserve regulations or operating letters or with general banking usage, creates a material issue of fact as to whether defendant exercised ordinary care (*see, Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.*, 74 NY2d 340, 346; *see also*, UCC 4-103 [3]; *compare, J. Sussman, Inc. v Manufacturers Hanover Trust Co.*, 140 AD2d 668).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.