■ AIKENS CONSTRUCTION OF ROME, INC., Also Known as AIKENS CONSTRUCTION, INC., Appellant, v KAREN SIMONS, Defendant, and NBT BANK OF ROME, NY, Respondent. [727 NYS2d 213] —Order unanimously reversed on the law without costs and motion to reargue dismissed. Memorandum: Supreme

Court erred in granting the motion of defendant NBT Bank of Rome, NY (NBT Bank) to reargue its motion seeking dismissal of the complaint against it. Plaintiff served an amended complaint as of right before the motion was decided (*see generally*, *STS Mgt. Dev. v New York State Dept. of Taxation & Fin.*, 254 AD2d 409, 410) and, "[w]hen an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case" (*St. Lawrence Explosives Corp. v Law Bros. Contr. Corp.*, 170 AD2d 957). Thus, the motion to reargue the motion seeking dismissal of the complaint was rendered moot by the service as of right of the amended complaint. Nevertheless, in the interest of judicial economy, we review the propriety of the court's dismissal of the claims in the original complaint that also are asserted in the amended complaint.

The court properly determined that the claims against NBT Bank concerning forged checks reported in bank statements prior to December 5, 1996 are barred by UCC 4-406 (4) because plaintiff failed to discover and report those forgeries during the requisite one-year period (*see, Monreal v Fleet Bank*, 95 NY2d 204, 206). Plaintiff did not advise NBT Bank until December 5, 1997 that plaintiff's former employee, defendant Karen Simons, had forged checks over a four-year period. The court erred, however, in dismissing the claim that NBT Bank was negligent in cashing forged checks reported in bank statements between December 5, 1996 and December 5, 1997. We reject the contention of NBT Bank that plaintiff is precluded from asserting that claim based on plaintiff's failure to notify NBT Bank of the forgeries within 14 days of the first bank statement in which the forged checks appeared, as required by the account rules and regulations. Bank customers must "exercise reasonable care and promptness" in examining their bank statements and must "promptly" notify the bank when a forgery is discovered (UCC 4-406 [1]). "If they fail to do so, under certain circumstances, they may be precluded from asserting the unauthorized signature against the bank, provided the bank itself exercised ordinary care (UCC 4-406 [2], [3])" (*Herzog, Engstrom & Koplovitz v Union Natl. Bank*, 226 AD2d 1004; *see, Monreal v Fleet Bank, supra*, at 207; *Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.*, 74 NY2d 340, 345-346). "While a bank and its customer may agree to vary the provisions of UCC article 4, the agreement may not abrogate the bank's responsibility to exercise good faith and ordinary care" (*Herzog, Engstrom & Koplovitz v Union Natl. Bank, supra*, at 1005; *see*, UCC 4-103 [1]). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Reargument.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.