■ A.J. Woody, Ltd., Respondent, v Commercial Bank of New York, Defendant and Third-Party Plaintiff-Appellant. Tiffany Fabrics, Inc., et al., Third-Party Defendants-Respondents. [755 NYS2d 25] —Judgment, Supreme Court, New York County (Martin Shulman, J.), entered August 8, 2001, which, inter alia, after a nonjury trial, awarded plaintiff A.J. Woody, Ltd. the sum of $75,857.54, inclusive of interest and costs, and dismissed defendant Commercial Bank's third-party complaint against Gerald Litt, Greg Massimi, Tiffany Fabrics and Lincoln Textile with prejudice, unanimously modified, on the law, the facts and in the exercise of discretion, to reinstate the third-party complaint and, on the basis of the damages hearing testimony, award judgment in favor of Commercial Bank for indemnification against third-party defendant Greg Massimi, and otherwise affirmed, with costs payable to Commercial Bank of New York by third-party defendant Massimi.

In view of the bifurcated nature of the proceeding, with defendant Commercial Bank proceeding first on the damages trial and positing its claim that the checks at issue were correctly paid in settlement of partnership obligations, it was not an abuse of discretion for the court to "re-open" the case after both Commercial and plaintiff had seemingly rested, and to permit plaintiff to proceed with its rebuttal.

We note that once summary judgment on liability was awarded to plaintiff, there was no need for a damages trial. At that point, plaintiff was entitled to a refund of the amount unlawfully withdrawn (*see Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124, 129). The damages trial, however, did serve to adjudicate the Bank's third-party claim against Massimi, the party responsible for the unauthorized withdrawal.

Although the Bank initially elected to proceed on a "corporate benefit" theory by calling Massimi, the author of the checks at issue, to establish that plaintiff suffered no damages because it benefitted by the payment of partnership obligations, this strategy failed when the Bank's evidence failed to show that payment of the checks to third-party defendant Lincoln Textile, owned by Massimi, was in satisfaction of specific debts owed by plaintiff (*cf. Small v Bank of N.Y.*, 222 AD2d 667, 667-668). Plaintiff was not estopped, however, from pursuing recovery on

the third-party claim against Massimi on theories of fraud and unjust enrichment. Regardless of any testimony Massimi offered to show that the checks were issued in good faith, the fact remains that he wrongfully issued the check and inveigled another individual to forge a signature, upon which the bank relied in making payment on the check. Under such circumstances, it is clear that Massimi was unjustly enriched by virtue of the fraud, and as between him and the bank, which is an innocent party, he should bear the loss.

Finally, inasmuch as judgment was awarded to plaintiff A.J. Woody on behalf of the partnership, Jam Textiles Company, there is no merit to the bank's claim that the award should have been only for 50% of the value of the checks, since A.J. Woody was only a 50% partner. Any distribution of the award to the partnership is a matter for resolution between the partners. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.