■ Proactive Dealer Services, Inc., Appellant, v TD Bank et al., Respondents. (And a Third-Party Action.) [18 NYS3d 62]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Livote, J.), entered November 12, 2014, which denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

On November 17, 2009, the sum of $50,000 was transferred from the plaintiff's business checking account at the defendant TD Bank to the account of Keystone Equity Group (hereinafter Keystone Equity) at TD Bank. The funds were transferred after a withdrawal slip was presented to one of TD Bank's employees. According to the plaintiff, the transfer, which was effectuated absent a signature on the withdrawal slip, was unauthorized and fraudulent.

Thereafter, the plaintiff commenced this action against TD Bank and TD Bank Financial Group (hereinafter together the defendants) alleging, among other things, a violation of the UCC by the negotiation of an instrument that was not properly payable. The plaintiff moved for summary judgment on the complaint, arguing that the defendants were strictly liable for violating articles 3 and 4 of the UCC based upon the unauthorized transfer. In the order appealed from, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint.

Generally, an unauthorized signature—defined as a signature made without authority, including a forgery (*see* UCC 1-201 [b] [41])—is ineffective to pass title or authorize a drawee bank to pay (*see Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 269 [1989]). The UCC imposes strict liability on a bank that charges against a customer's account any item not properly payable, such as a check bearing a forgery of the customer's signature (*see* UCC 4-401 [2] [a]; 4-104 [1] [g], [j]; *Monreal v Fleet Bank*, 95 NY2d 204, 207 [2000]; *Woods v MONY Legacy Life Ins. Co.*, 84 NY2d 280, 283 [1994]; *Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.*, 74 NY2d 340, 345 [1989]; *R.A. Contr. Co. v JP Morgan Chase Bank, N.A.*, 109 AD3d 600, 601 [2013]). A bank, however, avoids such liability if it demonstrates that the customer's negligence substantially contributed to the forgery and that the bank acted in good faith and in accordance with reasonable commercial standards (*see* UCC 3-406; *R.A. Contr. Co. v JP Morgan Chase Bank, N.A.*, 109 AD3d at 601; *Carmine Rest. v Citibank*, 300 AD2d 149 [2002]).

In support of its motion, the plaintiff submitted an affidavit from George Pappas, who averred that he was the president of

the plaintiff and the sole signatory on the plaintiff's bank account with TD Bank. Pappas asserted that he did not authorize the subject withdrawal. In addition, Pappas contended that a review of the withdrawal slip showed an incorrect name for the plaintiff and the absence of a signature, and that someone had written the words "spoke to George" thereupon. The plaintiff submitted a copy of the withdrawal slip which indicated that a bank representative had written thereupon "spoke to George OK to XFOL," but did not include a telephone number for the plaintiff or specifically identify the person whom the defendants had purportedly contacted. Based on the evidence, the plaintiff contended that the defendants failed to exercise good faith in permitting the transfer.

The plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action alleging strict liability for violation of articles 3 and 4 of the UCC based upon the unauthorized transfer. The evidence submitted by the plaintiff demonstrated that the defendants effectuated the transfer from the plaintiff's bank account by way of the unsigned withdrawal slip, an item that was not properly payable.

In opposition, however, the defendants raised a triable issue of fact by submitting evidence that Pappas had affirmatively authorized the subject transfer on the plaintiff's behalf. In this regard, the defendants submitted an affidavit from Sevag H. Chalian, who averred that he was an assistant branch manager for TD Bank in November 2009. Chalian stated that on November 17, 2009, Thomas Gucciardo from Keystone Equity informed Chalian that a check in the sum of $50,000 from the plaintiff made payable to Keystone Equity and deposited into its account at TD Bank on November 13, 2009, had been dishonored. Gucciardo explained to Chalian that he had received the dishonored check from Pappas, who had drawn the check on an account with another bank. Chalian averred that, after examining Keystone Equity's account with the defendants, he confirmed that a check which the plaintiff had given to Gucciardo had been returned as unpaid. Chalian further averred that he had several telephone conversations with Pappas during which they discussed the $50,000 dishonored check. According to Chalian, he confirmed Pappas's identity by "asking him for information, including information about his account that only the account owner would know." Chalian added that on November 17, 2009, Pappas "explicitly authorized me to transfer $50,000" from the plaintiff's account to Keystone Equity's account, and that he wrote on the with-

drawal slip the name "George," along with the account numbers for the plaintiff and Keystone Equity. As a result, Chalian prepared the transfer ticket to effect the transfer in the sum of $50,000.

"[A] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*LeBlanc v Skinner*, 103 AD3d 202, 212 [2012] [internal quotation marks omitted]). On this record, with the facts in dispute and the credibility of the parties sharply at issue, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.

We disagree with our dissenting colleague's determination that the defendants failed to raise a triable issue of fact. The cases cited by the dissent are distinguishable because none of those cases involved a situation where, as here, a defendant bank averred that a plaintiff specifically authorized the subject transaction. For this reason, the dissent's reliance upon the defendants' alleged failure to set forth their security procedures is misplaced. To the extent that our dissenting colleague relies upon article 4-A of the UCC, which relates to wire transfers, we note that the plaintiff specifically argued in support of its motion that the subject transaction "was not a wire transfer subject to the provisions set forth in Article 4-A of the UCC." Moreover, we note that the applicability of article 4-A of the UCC has not been raised as an issue on appeal.

Accordingly, the order must be affirmed. Leventhal, J.P., Cohen and Hinds-Radix, JJ., concur.

Duffy, J., dissents, and votes to reverse the order and grant the plaintiff's motion for summary judgment on the complaint, with the following memorandum: I disagree with the majority's conclusion that, in opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law, the defendants raised a triable issue of fact. Therefore, I would reverse the order of the Supreme Court and grant the plaintiff's motion for summary judgment on the complaint.

Pursuant to the theories of law argued by the parties under articles 3 and 4 of the UCC (*see Misicki v Caradonna*, 12 NY3d 511 [2009]), the plaintiff is entitled to summary judgment. In an action pursuant to UCC article 3, a bank opposing a customer's motion for summary judgment as to its liability for payment of a forged instrument must submit evidence of the bank's procedures that it used to detect forged signatures (*see* UCC 3-406; *Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124, 131 [1997]). Similarly, a bank opposing a customer's mo-

tion for summary judgment as to its liability for a breach of its duty of care to its customer under article 4 must submit evidence of "action or non-action consistent with clearing house rules . . . or with a general banking usage not disapproved by this Article" (UCC 4-103 [3]; *see* UCC 4-406 [3]; *see also J. Sussman, Inc. v Manufacturers Hanover Trust Co.*, 140 AD2d 668, 669 [1988]; *Five Towns Coll. v Citibank*, 108 AD2d 420, 427 [1985]). In essence, the evidence necessary for a bank to rebut a prima facie showing of entitlement to judgment as a matter of law is comparable under articles 3 or 4 of the UCC (*see Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.*, 74 NY2d 340, 347 [1989] [article 4]; *Kersner v First Fed. Sav. & Loan Assn. of Rochester*, 264 AD2d 711, 714 [1999] [article 3]; *Five Towns Coll. v Citibank*, 108 AD2d 420, 427 [1985] [articles 3 and 4]), and is akin to the commercial reasonableness requirement of article 4-A. Pursuant to UCC 4-A-202, a bank is liable to its customer for the unauthorized transfer of funds from a customer's account unless the bank can demonstrate that "a commercially reasonable security procedure is in place (or has been offered to the customer)" (*Regatos v North Fork Bank*, 5 NY3d 395, 402 [2005], citing UCC 4-A-202 [2005]; *see Banque Worms v BankAmerica Intl.*, 77 NY2d 362, 375 [1991]).

As the majority notes, a bank can avoid liability if it demonstrates that the customer's negligence substantially contributed to a material alteration of the instrument at issue or to the making of an unauthorized signature *and* that the bank acted in good faith and in accordance with reasonable commercial standards (*see* UCC 3-406; *R.A. Contr. Co. v JP Morgan Chase Bank, N.A.*, 109 AD3d 600, 601 [2013]; *Kersner v First Fed. Sav. & Loan Assn. of Rochester*, 264 AD2d 711, 714 [1999]). However, I disagree with the majority's conclusion that the facts asserted by TD Bank raise a triable issue of fact in this regard.

Notably, in *R.A. Contr. Co. v JP Morgan Chase Bank, N.A.* (109 AD3d 600 [2013]), a case relied upon by the majority, this Court reversed a grant of summary judgment to the defendant bank in an action by the plaintiff to recover monies drawn from the plaintiff's business checking account at the defendant bank. In that case, this Court reinstated the complaint, which alleged that the defendant bank paid out on four allegedly forged checks, finding that the bank in that case had failed to show that it acted in a commercially reasonable manner, as it did not submit evidence of the procedures used to detect forged signatures (109 AD3d at 601). Similarly, in *Kersner v First Fed.*

*Sav. & Loan Assn. of Rochester* (264 AD2d 711, 714 [1999]), this Court expressly rejected the defendant bank's contention that UCC 3-406 precluded the plaintiff, who had made a check payable to himself, from recovering against the bank for the proceeds of that check. There, this Court held that the record in that case did not establish that the bank acted in good faith and in accordance with reasonable commercial standards in paying out the subject check (*see id.* at 714).

Likewise, here, although the affidavit of a then-assistant branch manager of TD Bank averring that he received the verbal authorization of Pappas, a person unknown to him, by telephone and that he had "confirmed [Pappas's] identity by asking him for information, including information about his account that only the account owner would know," may raise an issue as to whether Pappas's actions constituted negligence that substantially contributed to the funds being withdrawn from the account, such facts are insufficient to raise a triable issue of fact, as TD Bank has made no showing whatsoever that it acted in accordance with reasonable commercial standards. The affidavit, which omits any specifics as to what was asked of Pappas, whether the questions that were purportedly asked comported with TD Bank's security procedures, or even what TD Bank's security procedures are, fail to establish that TD Bank had any security procedures, let alone commercially reasonable procedures, in place to verify that the plaintiff had in fact authorized the transfer (*see e.g. Howard v Stanger*, 122 AD3d 1121, 1125 [2014]; *Eastern Sav. Bank, FSB v Brown*, 112 AD3d 668, 670 [2013]; *John Deere Ins. Co. v GBE / Alasia Corp.*, 57 AD3d 620 [2008]). As TD Bank proffered no evidence whatsoever of its security procedures, nor did it detail the specifics of how it purportedly verified the authorization at issue, it failed to raise a triable issue of fact as to whether it acted in accordance with reasonable commercial standards, and cannot rely on UCC 3-406 to shield itself from strict liability.

Accordingly, TD Bank's failure to raise a triable issue of fact as to whether it comported with the commercially reasonable security procedure requirements of the relevant provisions of the UCC warrants the grant of summary judgment to the plaintiff (*see Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d at 131; *National Union Fire Ins. Co. of Pittsburgh, Pa v Castellano*, 102 AD3d 662, 663 [2013]).