Blum v Citibank, NA (2018 NY Slip Op 03958)





Blum v Citibank, NA


2018 NY Slip Op 03958


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-12643
 (Index No. 602929/17)

[*1]Walter Blum, appellant, 
v
Citibank, NA, respondent.


Howard R. Birnbach, Great Neck, NY, for appellant.
Zeichner Ellman & Krause LLP, New York, NY (Barry J. Glickman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered October 6, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
This action arises from an alleged fraud perpetrated upon the plaintiff by an unknown individual. The plaintiff maintains a bank account at a branch location of Citibank, NA (hereinafter Citibank). In late 2015 to early 2016, the plaintiff transferred large sums of money from that account to the unknown third party. The plaintiff was allegedly induced to take that action by various fraudulent representations made by that third party. The plaintiff made the subject payments by wire transfers; he acknowledges that he duly authorized those wire transfer requests.
The plaintiff commenced this action against Citibank, seeking essentially to recoup the monies that he transferred from his account. Citibank moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting dismissal of the complaint. "On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87).
Here, the complaint fails to allege facts that would constitute a legally cognizable cause of action (see UCC 4-A-202[1], [2]; Proactive Dealer Servs., Inc. v TD Bank, 131 AD3d 1216, 1217; Golden Door V & I, Inc. v TD Bank, 123 AD3d 976, 979).
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court